JL

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Laquint Henry Lee Cherry, | No. CV-23-00294-PHX-DWL (JFM) |
| Plaintiff, | |
| v. | **ORDER** |
| Paul Penzone, et al., | |
| Defendants. | |

On February 16, 2023, Plaintiff Laquint Henry Lee Cherry initiated this action by filing a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983. (Doc. 1.)

One of the matters now before the Court is Plaintiff's motion for "Emergency Injunction Order," in which Plaintiff seeks release from "state prison" or administrative executive clemency. (Doc. 24.) However, the Court has no authority to order Plaintiff's release from "state prison" in a § 1983 action. Habeas corpus, not § 1983, is "sole" remedy for "a state prisoner [] challenging the very fact or duration of his physical imprisonment" and seeking his immediate release from custody. *Preiser v. Rodriguez,* 411 U.S. 475, 500 (1973). Additionally, only the governor, on recommendation of the Arizona Board of Executive Clemency, has the authority to grant clemency to Plaintiff. See Ariz. Rev. Stat. § 31-402(A).

Also before the Court is a report and recommendation ("R&R") issued by Judge Metcalf on September 5, 2023. (Doc. 22.) Among other things, the R&R screens Plaintiff's Third Amended Complaint ("TAC") and recommends that Defendants Davison,

Jacobson, Redfern, Divine and Officers John Doe 1 through 7 be required to answer the claims of excessive force in the TAC; that Defendants Sheriff Penzone, Governor Hobbs, County of Maricopa, unknown Defendants Sergeants John Doe 1 through 4, Nurse Dee, and Counselor Rose be dismissed without prejudice; that all other claims in the TAC, including demands for relief in the nature of a writ of habeas corpus, a pardon, injunctive relief directed to the Federal Bureau of Investigation, or declaratory relief regarding Plaintiff's sovereignty, be dismissed without prejudice; and that service of the TAC on Defendants Davison, Jacobson, Redfern, and Divine be ordered. (*Id.* at 16-19.) The R&R also included a section advising Plaintiff that, under Rule 72, he had 14 days to file written objections. (*Id.* at 16.) Here, no such objections were filed. The Court therefore adopts the R&R. *See, e.g., Thomas v. Arn*, 474 U.S. 140, 149-50 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."); *Schmidt v. Johnstone*, 263 F. Supp. 2d 1219, 1226 (D. Ariz. 2003) ("[N]o review is required of a magistrate judge's report and recommendation unless objections are filed."). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) ("[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise.").

Finally, also before the Court is Plaintiff's motion to appoint counsel. (Doc. 30.) This is not the first time Plaintiff has made such a request in this case, and Judge Metcalf denied Plaintiff's previous requests. (Doc. 13 at 7; Doc. 22 at 15.) The Court concludes, for the same reasons, that the most recent request should be denied.

Accordingly,

**IT IS ORDERED:**

1. The reference to the Magistrate Judge is **withdrawn** as to Plaintiff's motion for "Emergency Injunction Order" (Doc. 24) and Plaintiff's motion to appoint counsel (Doc. 30).

2. Plaintiff's motion for "Emergency Injunction Order" (Doc. 24) is **denied**.

- 2 -

3. Plaintiff's motion to appoint counsel (Doc. 30) is **denied**.

4. The R&R (Doc. 22) is **adopted**.

5. Defendants Davison, Jacobson, Redfern, Divine, and Officers John Doe 1 through 7 must answer the claims of excessive force in the Third Amended Complaint ("TAC").

6. Defendants Sheriff Penzone, Governor Hobbs, County of Maricopa, unknown Defendants Sergeants John Doe 1 through 4, Nurse Dee, and Counselor Rose are **dismissed without prejudice**.

7. All other claims in the TAC, including demands for relief in the nature of a writ of habeas corpus, a pardon, injunctive relief directed to the Federal Bureau of Investigation, or declaratory relief regarding Plaintiff's sovereignty, are **dismissed without prejudice**.

8. Service of the TAC on Defendants Davison, Jacobson, Redfern, and Divine is ordered as follows:

    1. **Preparation & Forwarding of Service Packets**:

        a. **Forms to Plaintiff**: The Clerk of Court must send Plaintiff Service Packets for such Defendant(s) including: (1) this Order; (2) a copy of the Marshal's Process Receipt & Return form (USM-285); and (3) Notice of Lawsuit & Request for Waiver of Service of Summons form. If Plaintiff is NOT subject to electronic filing under General Order 14-17 (pilot project) such packets must also include (4) Summons and (5) Waiver of the Service of Summons forms for such Defendant(s).

        b. **Return to Clerk**: Plaintiff must complete and return the Service Packets to the Clerk of the Court within 21 days of the date of the filing of this Order. The United States Marshal will not provide service of process if Plaintiff fails to comply with

this Order. If Plaintiff is subject to electronic filing under General Order 14-17 (pilot project), the Clerk must prepare and add to the Service Packets the Summons and Waiver of the Service of Summons forms for such Defendant(s).

    c.    **Forwarding to Marshal**: The Clerk of the Court must forward to the United States Marshal: (1) the Service Packets; (2) copies of such Complaint; and (3) copies of such Service Order. The United States Marshal must retain copies of such documents for future use.

2.    **Waiver of Service**: The United States Marshal must notify said Defendants of the commencement of this action and request waiver of service of the summons pursuant to Rule 4(d) of the Federal Rules of Civil Procedure. The notice to Defendants must include a copy of such Service Order. The Marshal must file waivers of service of the summons or requests for waivers that were returned as undeliverable as soon as they are received. Defendants who agree to waive service of the Summons and such complaint must return signed waiver forms to the United State Marshal, and not to Plaintiff.

3.    **Personal Service**: If a waiver of service of summons is not returned by Defendants within thirty days from the date the request for waiver was sent by the Marshal, the Marshal must:

    a.    Personally serve copies of the Summons, such Complaint and such Service Order upon Defendants pursuant to Rule 4(e)(2) of the Federal Rules of Civil Procedure.

    b.    Within ten days after personal service is effected, file the return of service for the Defendants, along with evidence of the attempt to secure a waiver of service of the summons and of the costs subsequently incurred in effecting service upon the

Defendants. The costs of service must be enumerated on the return of service form (USM-285) and must include the costs incurred by the Marshal for photocopying additional copies of the Summons, such Complaint, and the Service Order and for preparing new process receipt and return forms (USM-285), if required. Costs of service will be taxed against the personally served Defendant pursuant to Rule 4(d)(2) and (5) of the Federal Rules of Civil Procedure, unless otherwise ordered by the Court.

4. **Answers**:

   a. **Deadline**: Said Defendants must answer such Complaint as directed in the Service Order, or otherwise respond by appropriate motion within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

   b. **Identifying Filer(s)**: Any answer or responsive pleading or motion must state the specific Defendant(s) by name on whose behalf it is filed. The Court may strike any answer, responsive pleading, or other motion or paper that does not identify the specific Defendant(s) by name on whose behalf it is filed.

Dated this 8th day of December, 2023.

Dominic W. Lanza
United States District Judge